66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES Of AMERICA, Plaintiff-Appellee,
v.
Malik Ambe NERO, Defendant-Appellant.
 No. 95-5025.
 United States Court of Appeals, Fourth Circuit.
 Sept. 15, 1995.
 
 Allen Howard Orenberg, Statland & Buckley, P.C., Washington, DC, for appellant.
 Lynne A. Battaglia, U.S. Atty., Maury S. Epner, Asst. U.S. Atty., Greenbelt, MD, for appellee.
 Before WIDENER, HALL and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Malik Ambe Nero appeals from a district court judgment and sentence order entered on Nero's guilty plea. We affirm.
 
 
 2
 Nero first complains that his guilty plea was not knowing and voluntary. Specifically, Nero contends that he did not comprehend fully the scope of his possible sentence or the direct consequences of a guilty plea. Nero's substantive contentions of involuntariness and ignorance directly conflict with his sworn statements made during the plea hearing and with the plea agreement he signed. There are no compelling reasons here to support any findings contrary to his sworn statements. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir.1991), cert. denied, 503 U.S. 997 (1992). The record reveals an extensive plea hearing, including the district court's instruction to Nero that the offenses involved could subject him to a possible life sentence. Nero knowingly and voluntarily pled guilty.
 
 
 3
 Nero next contends that the district court erred in denying his motion to withdraw his guilty plea. Five of the guiding factors announced by this court in United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 1857 (1991), weigh against Nero's claim and reveal that it is meritless. There was no infirmity in the plea; there has been no credible assertion of innocence; the motion to withdraw the plea was made almost three months after the plea hearing and only one week prior to sentencing; counsel for Nero performed competently during negotiations and the plea hearing; and the Government would be prejudiced if the plea were withdrawn because it has already moved for reduction in the sentences of Nero's codefendants who no longer have an incentive to testify truthfully. The district court did not abuse its discretion in denying the motion to withdraw the guilty plea.
 
 
 4
 We affirm the district court judgment and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.